January 4, 2008

Mr. Michael E. Gans
Clerk of Court
United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
St. Louis, Missouri 63102

      RE: 08-1014  In re: Carl Fletcher

Dear Mr. Gans:

      This court has received a petition for writ of mandamus, seeking, most immediately, the vacating of a stay of discovery entered October 3, 2007. Contrary to petitioner's contention that he was terminated simply because of a "prior felony conviction," which would raise issues under Green v. Mo. Pacific Railroad Co., 523 F.2d 1290 (8th Cir. 1975), the record indicates that petitioner is a serious sex offender. Although his conviction was some decades ago, petitioner apparently was terminated because of morale and risk issues pertaining to the female employees of the defendant law firm. The Green case involved a nondescript draft evasion conviction and a general policy of not knowingly employing felons. Such a policy had a disparate impact and little or no justification. It is apparently the only similar case favorable to a plaintiff like Fletcher, an African American.
      Pursuant to the guidance of the Supreme Court favoring better control over discovery than has been previously exercised (Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007) dissenting and majority opinions), I currently expect to grant the motion to dismiss in part, deny the motion for summary judgment as premature, and will likely authorize supplementation of the record, with or without discovery, on at least two issues: (1) whether sex offender convictions like felonies in general, disproportionately affect minorities, thus raising disparate impact issues, and (2) further verified articulation of the alleged business necessity grounds for plaintiff's termination.  This method of proceeding might have been foreseen from what was said in the stay ruling (Doc. 44).  Petitioner's filing here seemingly disregards these issues, which may be dispositive.

A ruling disposing of all pending motions is anticipated in advance of the six-month reporting date. Whether and to what extent discovery should be allowed remains to be decided with some care, absent interlocutory direction for the Court of Appeals.

        Sincerely,

        /s/ Howard F. Sachs
        Howard F. Sachs

cc: Petitioner, Mr. Carl G. Fletcher
    Defense Counsel, Mr. Larry M. Schumaker