IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CARL FLETCHER, PRO SE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 07-00444-CV-W-HFS |
| BERKOWITZ OLIVER WILLIAMS SHAW & EISENBRANDT, LLP, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff claims a racially discriminatory discharge because of disparate impact of his employer's consideration of his criminal history, that is, a serious sex offense, resulting in a fifteen year sentence.

There are several motions pending, including cross-motions for summary judgment as to liability. Pro se plaintiff offers a conclusory allegation that defendants terminated him simply because he has prior felony convictions. Plaintiff claims that defendants' policies and procedures constitute discrimination based on race, in that blacks are imprisoned at more than five times the rate of whites. In asserting this claim, plaintiff relies on Green v. Missouri Pacific R. Co., 523 F.2d 1290 (8th Cir. 1975) (summary denial of employment to blacks on the basis of conviction records constitutes discrimination on the basis of race in violation of Title VII). Plaintiff seeks to enjoin defendants from use of a blanket discharge policy based on a prior felony conviction without considering the nature and gravity of the offense, the time that has elapsed between the conviction

and the completion of the sentence, and the nature of the job sought. Plaintiff also seeks reinstatement with an award of back pay.

In 1979 plaintiff was convicted of rape and related offenses. The Oliver declarations clarify the basis for the termination. Defendants became aware of plaintiff's rape conviction by assertions by female employees who expressed serious concerns about working with a convicted rapist.[1] There is no showing that defendants employed a general policy or practice that prohibited the employment of individuals with prior felony convictions, and plaintiff asserts no basis for such allegation, except that his specific criminal history led to his discharge.[2] In a prior order, therefore, plaintiff was directed to either challenge the Oliver declaration as a matter of fact, or to assert racial disparity in sex offender statistics. (Order dated October 3, 2007). I noted that this issue could be significant, if not dispositive, and, therefore, additional time was extended for plaintiff to submit supplemental briefing. Rather than provide evidence of racial disparities in sex offender convictions, plaintiff simply continued to assert his initial argument regarding racial disparities in general felony convictions.

In a letter dated January 4, 2008, plaintiff was again advised that the facts and subsequent holding in Green were inapplicable to his case. The termination at bar concerned a prior sex offense. The Oliver declaration, as well as the evidence presented, clearly demonstrated that the

---

[1] In an uncontested affidavit, defendant Oliver avers that plaintiff's name was, and continues to be on the Missouri Sex Offender List, and that plaintiff's termination was based on the nature of the offense and the legitimate concerns of his co-workers. (Oliver Declaration: ¶¶ 6, 8).

[2] In fact, in his pleadings themselves, including the initial Charge of Discrimination and subsequent letters to the EEOC Investigator, plaintiff repeatedly states that he was not questioned about prior felony convictions before he was hired.

2

defendant law firm, unlike the defendant employer in <u>Green</u>, did not employ a policy regarding employment of individuals, in general, with felony convictions. Further, in keeping with the recent guidance provided by the Supreme Court regarding better control over discovery, I advised the parties that additional supplementation of the record would be permitted on: (1) whether sex offender convictions like felonies in general, disproportionately affected minorities, thus raising disparate impact issues; and (2) further verified articulation of the alleged business necessity grounds for plaintiff's termination. A *disparate impact* case requires a two-step inquiry, and the plaintiff's prima facie case can only be established by proof of an employer's practice which, while facially neutral, results in a disproportionate burden upon a protected group. <u>Chappelle v. E.I. DuPont de Nemours & Co.</u>, 497 F.Supp. 1197, 1200 (E.D.Virginia 1980). The defendant must then show that the challenged practice is founded upon business necessity. <u>Id</u>.

Presumably in response, plaintiff filed a motion for partial summary judgment in which he acknowledges that his termination was based on a prior sex offense. (Motion for Partial Summary Judgment: ¶ 9). Yet, he continues to argue the broader issue of felony convictions in general, without providing evidence of the disparity, if any, in convictions for sex offenses. Plaintiff offers nothing more than unsupported speculation and conjecture to make the required connection between his employment termination based on a prior sex offense and the critically needed showing of racial disparities in the pool of those individuals convicted of such offenses. There is no claim or showing that minorities are convicted of sex offenses in substantially higher rates, and therefore, the defendant law firm's practice of not hiring such individuals operates to exclude a disproportionate

3

percentage of minorities in violation of Title VII.[3] Consequently, plaintiff fails to establish an initial prima facie case upon which a disparate impact claim can be supported, and defendants' motion for summary judgment will be granted. El v. Southeastern Pennsylvania Transp. Authority, 479 F.3d 232, 238 (3rd Cir. 2007) (summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party).

There are alternate grounds to reach the same conclusion. No matter how the analysis is characterized, and whether or not it would be good public policy to encourage the employment of serious sex offenders after decades of presumably good behavior, I am satisfied there is adequate business necessity for an employer to decline to employ such an individual or to terminate him after information is received – at least where opportunities for misconduct exist, and employee morale is being protected. Law office situations are sufficiently unguarded as to qualify for the right to decline employment of persons with sex offense records like that of plaintiff. See State v. Fletcher, 619 S.W. 2d 57 (Mo. banc 1981) (e-mailed to Mr. Oliver on February 15, 2006, some weeks before the termination). Sad as it may be for plaintiff, his extraordinary criminal conduct almost thirty years ago will likely reduce his opportunities as a prospective employee during his employable life. Race and sex discrimination laws do not impose duties on employers to overlook significant potential dangers, at least to employee morale.[4]

---

[3] It is not my duty to conduct factual research for the parties, but one would suppose that sex offender registries would allow tracing of individuals listed, with photographic or racial identifiers, thus allowing a statistical comparison. There may well be published studies on this subject.

[4] The Wisconsin agency ruling cited by plaintiff does offer some protection for employees with comparatively minor offenses, such as drug offenses and sex offenses of limited seriousness (an undescribed incident in the home, involving a girl friend) where the employer keeps the employee constantly in the company of others, and a security guard is on the premises.

4

A second alternate ground for an adverse result for plaintiff is that current pleading rules do not permit wholly implausible conclusory allegations that the defendant law firm has a blanket policy against employment of persons with criminal records, when the much narrower factual basis for the termination is also disclosed in plaintiff's pleading. The pleaded facts are strikingly different from the conclusory allegation that is said to allow an inference of racially disparate impact.

In pleading and argument plaintiff asserts that the law firm has a fixed policy against hiring or retaining employees with felony convictions. At the same time, he repeatedly alleges that his termination occurred in a single meeting dealing with his own record as a sex offender. Although a pro se litigant is permitted some latitude, when his own presentation supplies a specific basis for termination I think it improbable that current practice would allow him to proceed with an expurgated or edited rationale, separating the sex offense from the cause of discharge.

At least since last year's ruling by the Supreme Court, district judges have been aware that at least seven members of the Court are distinctly skeptical of the effectiveness of judicial control of pretrial burdens. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1967 (2007). A careful but rather more rigorous review of complaints, in search of enough "plausibility" to go forward with the expenses of litigation, is in prospect.

Twombly has been relied upon, for example, in blocking the processing of cases where, as here, there are inconsistencies in the pleadings, and one version of the allegations is fatal to the claim. See, e.g., Maloney v. Scottsdale Ins. Co., 2007 WL 3391334*1 (9th Cir.); Citizens for

---

Whatever the facts may be, the agency minimized the conviction as though it were a rather routine domestic relations incident. This result was achieved under Wisconsin legislation more comprehensive than Title VII. Plaintiff's ability to supply this obscure ruling reinforces my view that nothing comparable can be found under federal law.

Responsibility & Ethics in Washington v. Dept. of Education, 2008 WL 624472*4 (D.D.C) (rejection of pleading asserting "a speculative inference inconsistent with the facts alleged in the pleadings"); The American Channel, LLC v. Time Warner Cable Inc. 2007 WL 1892227*4 (D.Minn.) ("internally inconsistent conspiracy allegations" rejected as unsound pleading).

Accordingly, it is hereby

ORDERED that plaintiff's motions for preliminary injunction (ECF doc. 3), supplemental motion for preliminary injunction (ECF doc. 9), scheduling and discovery conference (ECF doc. 29), consolidate trial with preliminary injunction hearing (ECF doc. 38), expedited hearing on motion for preliminary injunction (ECF doc. 39), expedited discovery and hearing (ECF doc. 40), lift stay of discovery (ECF doc. 46), and partial summary judgment (ECF doc. 52) are DENIED. It is further

ORDERED that defendants' motion to dismiss individual defendants (ECF doc. 30) is DENIED as moot. It is further

ORDERED that defendants' motion to dismiss, or alternatively, for summary judgment (ECF doc. 31) is GRANTED. The clerk of the court is directed to enter judgment in favor of defendants. It is further

ORDERED that defendants' motion for a protective order (ECF doc. 33) is DENIED as moot.

  /s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

March 19, 2008

Kansas City, Missouri